IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| NICHOLAS S. BACON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 419-155 |
| | ) |
| SERGEANT MARTINEZ, et al. | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Wheeler Correctional Facility in Alamo, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding IFP, his amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.    SCREENING THE AMENDED COMPLAINT**

**A.    BACKGROUND**

Plaintiff, currently an inmate at Wheeler Correctional Facility, brings this action arising out of events allegedly occurring at Liberty County Jail, against the following defendants: (1) Sergeant Martinez; and (2) Officer LaBarre. Taking all factual allegations of the amended complaint as true, (doc. no. 15), as the Court must for screening, the facts are as follows.

On June 10, 2019, Plaintiff and Officer LaBarre had a disagreement concerning whether Plaintiff could save his breakfast milk to swallow his medicine during pill call. (Doc. no. 15, p. 6.) Plaintiff does not describe the conduct leading up to the altercation, but at some point during the discussion, while Plaintiff was handcuffed, Officer LaBarre threw Plaintiff to the floor of his cell and repeatedly hit him in the face. (Id.) Sergeant Martinez and Officer LaBarre repeatedly stunned him with a stun gun, causing ten puncture wounds. (Id.) After the incident, an unspecified officer placed Plaintiff on lockdown for forty-five days, then transferred him to another prison to prevent him from preparing and filing legal documents. (Id. at pp. 7, 13.) Plaintiff asserts a claim for excessive force and an unspecified claim under the Americans with Disabilities Act. (Id. at p. 3.)

## B.     DISCUSSION

### 1.     Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face."

2

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff No Longer Brings Any Claims Against Defendant Liberty County Jail Authorities

Plaintiff's amended complaint supersedes and replaces in its entirety the previous pleadings filed by Plaintiff. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016). Plaintiff originally named the Liberty County Jail Authorities as a Defendant. (See

doc. no. 1.) However, Plaintiff's amended complaint no longer names it as a Defendant, and does not make any allegations associating it with a purported constitutional violation. (See generally doc. no. 15.) Dismissal is therefore appropriate. See Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in § 1983 case allegation of violation of right secured by Constitution or laws of United States by person acting under color of state law).

Furthermore, Liberty County Jail Authorities is not a proper party because jails and prisons are not legal entities subject to liability in § 1983 claims. See Jamelson v. Unnamed Defendant, No. CV 617-103, 2017 WL 6503630, at *2 (S.D. Ga. Dec. 19, 2017) (holding "Georgia State Prison . . . is not a separate legal entity capable of being sued"), *adopted by* 2018 WL 616142 (S.D. Ga. Jan. 29, 2018); Parks v. Georgia, No. CV 517-047, 2017 WL 2930832, at *3 (S.D. Ga. July 10, 2017) (holding "penal institutions . . . are generally not considered legal entities subject to suit"); see also Brannon v. Thomas Cty. Jail, 280 F. App'x. 930, 934 n.1 (11th Cir. 2008) (noting Thomas County Jail is not entity capable of being sued under Georgia law). Appropriate parties for suit under § 1983 included "persons" who participated in the alleged violation. See 42 U.S.C. § 1983 (subjecting only "persons" to liability); Ga. Insurers Insolvency Pool v. Elbert Cty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted). Accordingly, Plaintiff's claims against Defendant Liberty County Jail Authorities

should be dismissed without prejudice.

### 3. All Official Capacity Claims against Sergeant Martinez and Officer LaBarre Are Barred

Plaintiff does not specify whether he is suing Sergeant Martinez and Officer LaBarre in their official capacities, individual capacities, or both. When an "arm of the State" is sued, the Eleventh Amendment "bars suits brought in federal court." Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003) (*en banc*) (citation omitted). Therefore, Plaintiff's official capacity claims against Defendants for monetary relief fail as a matter of law and should be dismissed.

### 4. Plaintiff Fails to State a Valid ADA Claim

Title II of the ADA prohibits public entities from discriminating against individual with disabilities or denying them services because of their disabilities. See 42 U.S.C. § 12132. Because only public entities are liable for such Title II violations, any claims against Defendants in their individual capacities fail. Mazzola v. Davis, 776 F. App'x 607, 610 (11th Cir. 2019) (*per curiam*) (citations omitted). A discrimination claim under the ADA against state prison officials sued in their official capacity requires a prisoner to satisfy three components:

> (1) that he is a qualified individual with a disability; and (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.

Id. (citation omitted).

5

Plaintiff states in conclusory fashion that he is a qualified individual with a disability, because he suffers from schizophrenia. Plaintiff claims only he had been denied use of milk at pill call; he does not allege he was denied using milk because he is disabled or that non-disabled prisoners could obtain milk for use at pill call. See Siskos v. Sec'y, Dep't of Corr., 817 F. App'x 760, 765 (11th Cir. 2020) (*per curiam*) ("Even assuming Siskos sufficiently alleged that he is a qualified individual with a disability, he failed to allege facts supporting a finding that FDOC excluded him from participation in prison services, denied him the benefits of prison services, or otherwise discriminated against him based on his mental illness."). Plaintiff does not claim he is receiving insufficient care for his disability. Therefore, Plaintiff fails to state a valid ADA claim

## II.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the Liberty County Jail Authorities be dismissed from this case, and Plaintiff's claims against Sergeant Martinez and Officer LaBarre in their official capacity and claims for ADA violations dismissed for failure to state a claim upon which relief may be granted. In a companion Order, the Court has allowed to proceed Plaintiff's § 1983 claim for excessive force against Sergeant Martinez and Officer LaBarre in their individual capacity.

SO REPORTED and RECOMMENDED this 20th day of December, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

6