IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| NICHOLAS S. BACON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 419-155 |
| | ) | |
| SERGEANT MARTINEZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Plaintiff is proceeding *pro se* and *in forma pauperis* in this case filed pursuant to 42 U.S.C. § 1983. Before the Court are Plaintiff's motion to stay, (doc. no. 32), motion to appoint counsel, (doc. no. 26), and motions for production of documents, wherein he seeks production of video footage, reports, medical records, and rules, regulations and policies of the Liberty County Jail. (Doc. nos. 24-25.) The Court **DENIES** the motions for the reasons explained below.

**I.     Motion to Stay**

On April 14, 2022, Plaintiff filed a single paragraph motion requesting a stay of this case. (Doc. no. 32.) Presumably plaintiff filed the motion in response to Defendants' motion to dismiss filed on April 4, 2022. Plaintiff provides no justification for why the Court should impose a stay of the case, particularly in light of Defendants' motion requesting dismissal of all claims. Further, the Court has not issued a scheduling order providing for discovery deadlines.

Plaintiff therefore fails to carry the burden of demonstrating why a stay of the case should be granted, and the Court **DENIES** the request to stay. (Doc. no. 32.)

To the extent Plaintiff filed the motion to stay seeking additional time to respond to Defendants' motion to dismiss, the Court is not unmindful of the burden that being incarcerated can place upon a *pro se* litigant in the prosecution of his case, but it is not willing to allow this case to languish on its docket indefinitely. Therefore, the Court **EXTENDS** the deadline for Plaintiff to respond to Defendants' motion to dismiss through and including May 2, 2022.

## II. Motion to Appoint Counsel

As a general rule, there is no entitlement to appointed counsel in a civil rights case such as this one. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Id.; see also Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 (11th Cir. 2013) (finding exceptional circumstances justified the appointment of counsel where the suspect conduct of prison officials hindered prisoner plaintiff's ability to present the essential merits of his case and, additionally, where such appointment would alleviate security concerns and help sharpen the issues). The existence of exceptional circumstances is determined by: (1) the type and complexity of the case; (2) whether the litigant is capable of adequately presenting his case; (3) whether the litigant is in a position to adequately investigate the case; and (4) whether evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. See Watkins v. Broward Sheriff's Office, 771 F. App'x 902, 906 (11th Cir. 2019) (citing Smith, 713 f.3d at 1065 n.11, and Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982).

Here, Plaintiff fails to show exceptional circumstances to justify the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). Plaintiff has not shown that his status as a layman prevents him from "presenting the essential merits of his . . . position," which is the key consideration in determining whether the appointment of counsel is justified. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Plaintiff's underlying claim of excessive force is neither so novel nor complex to justify the appointment of counsel. Indeed, he has submitted a factually detailed amended complaint in support of his claim, and the Court has allowed such to proceed. Thus, Plaintiff is clearly capable of presenting the essential merits his case. Accordingly, the Court **DENIES** Plaintiff's motion for appointment of counsel. (Doc. no. 26.)

### III. Motions to Produce Documents

To the extent Plaintiff is attempting to request production from Defendants through the Court, "discovery requests and responses must not be filed until they are used in the proceeding or the court order filing." Federal Rule of Civil Procedure 5 (d)(1)(A). Thus Plaintiff must request discovery from Defendants directly during the discovery period. Accordingly, the Court **DENIES** the discovery motion. (Doc. nos. 24-25.)

Even if the Court construed Plaintiff's motions as seeking an order to compel discovery, Plaintiff failed to comply with Local Rule 26.5[1], which incorporates the requirements of the Federal Rules of Civil Procedure, the motion should still be denied. The Federal Rules of Civil Procedure generally permit:

> **LR 26.5 Discovery Motions and Objections.** Discovery motions in accordance with Rules 26, 33, 34, 36, and 37 of the Federal Rules of Civil Procedure and objections relating to discovery shall:

---

[1]These requirements were explained to Plaintiff in the Court's December 20, 2021 Order. (Doc. no. 19, pp. 4-5.)

>    (a) quote verbatim each interrogatory, request for admission, or request for production to which a motion or objection is taken;
>
>    (b) include the specific ground for the motion or objection; and
>
>    (c) include the reasons assigned as supporting the motion, which shall be written in immediate succession to one another. Such objections and grounds shall be addressed to the specific interrogatory, request for admission, or request for production and may not be made generally.
>
>    Counsel are reminded that Fed. R. Civ. P. 26(c) and 37(a)(1) require a party seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court.

Loc. R. 26.5.

The duty-to-confer prerequisite is not an empty formality. Merritt v. Marlin Outdoor Advert. Ltd., CV 410-053, 2010 WL 3667022, at *4 (S.D. Ga. Sept. 15, 2010). Failure to include such good faith certification, or to make the requisite good faith effort, amounts to a failure to comply with Federal Rule 37(a)(1) and Local Rule 26.5 and warrants denial of a discovery motion. See Holloman v. Mail-Well Corp., 443 F.3d 832, 844 (11th Cir. 2006) (affirming denial of discovery motion based on "a failure to work with the defendants in good faith" during discovery process); Haynes v. JPMorgan Chase Bank, N.A., 466 F. App'x 763, 765-66 (11th Cir. 2012) (*per curiam*) (affirming denial of motion to compel where movant failed to consult in good faith with opponent before filing motion).

Here, Plaintiff has not certified that he conferred with the opposing parties in a good-faith effort to resolve the discovery dispute before seeking relief in this Court. As the instant motion fails to comply with the Court's Local Rules, Plaintiff's requests for discovery should also be **DENIED** for such failure. See Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097,

4

1099 (5th Cir. 1979) (*per curiam*) (stating that a motion may be denied for failure to comply with a Court's Local Rules).

**IV.     Conclusion**

For the reasons stated above the Court **DENIES** Plaintiff's motion to stay, motion to appoint counsel, and  motions for production of documents.  (Doc. no. 24-26, 32.)

SO ORDERED this 18th day of April, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA