IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| NICHOLAS S. BACON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 419-155 |
| | ) | |
| SERGEANT MARTINEZ, et al. | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate at Wheeler Correctional Facility in Alamo, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983 concerning events allegedly occurring at Liberty County Jail ("LCJ"). The Court **REPORTS** and **RECOMMENDS** Defendants' pre-answer motion to dismiss, (doc. no. 30) be **GRANTED**, (doc. no. 30), Plaintiff's Second Motion to Appoint Counsel, (doc. no. 36-1), Second Motion to Stay, (doc. no. 36-2), Motion for Reconsideration, (doc. no. 38), Motion to Merge and Amend, (doc. no. 42), and Motion to Add More Facts, (doc. no. 44), be **DENIED AS MOOT**, and this case be **DISMISSED** without prejudice and **CLOSED**.

**I.   PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff initially named three Defendants in his complaint, and because he is proceeding IFP, the Court screened the amended complaint, directed service of process on Sergeant Martinez and Officer Labarre in their individual capacities, and dismissed the Liberty County Jail Authorities. (See doc. nos. 15, 19, 23.) The Court allowed Plaintiff to

proceed on his excessive force claim against Sergeant Martinez and Officer Labarre based on allegations of excessive use of a stun gun. (Doc. no. 15.) On April 4, 2022, Defendants filed a motion to dismiss, arguing Plaintiff failed to exhaust his administrative remedies prior to filing his amended complaint. (See doc. no. 30.) Plaintiff filed a response but failed to address the present exhaustion issues. (See doc. no. 35.)

Plaintiff alleges the following facts in his amended complaint signed on September 22, 2020. On June 10, 2019, Plaintiff and Officer LaBarre had a disagreement concerning whether Plaintiff could save his breakfast milk to swallow his medicine during pill call. (Doc. no. 15, p. 6.) Plaintiff does not describe the conduct leading up to the altercation, but at some point during the discussion, while Plaintiff was handcuffed, Officer LaBarre threw Plaintiff to the floor of his cell and repeatedly hit him in the face. (Id.) Sergeant Martinez and Officer LaBarre repeatedly stunned him with a stun gun, causing ten puncture wounds. (Id.) After the incident, an unspecified officer placed Plaintiff on lockdown for forty-five days, then transferred him to another prison to prevent him from preparing and filing legal documents. (Id. at pp. 7, 13.)

In their motion to dismiss, Defendants produced the declaration of Sascha Krumnow, Jail Administrator at LCJ. (See Krumnow Decl., doc. no. 30-3.) Her responsibilities include ensuring compliance with the LCJ grievance procedures, coordinating investigations and responses to inmate grievances, and maintaining information and records regarding inmate grievances. (Id. ¶¶ 2-4.) Ms. Krumnow identified six grievance/request forms Plaintiff filed at LCJ. (Id. ¶ 6; doc. no. 30-5, pp. 1-12.) All six grievance/request forms relate to Plaintiff's requests for legal information from the law library at LCJ. (Doc. no. 30-5, pp. 1-12.) There is no record of any grievance appeals.

## II. DISCUSSION

### 1. The Legal Framework for Determining Exhaustion

Where, as here, a defendant has filed a motion to dismiss a claim based on failure to exhaust administrative remedies, the Eleventh Circuit has laid out a two-step process for courts to use in resolving such motions. First, the court looks to the factual allegations made by both parties, taking the plaintiff's version as true where they conflict, and if in that light the complaint is subject to dismissal for failure to exhaust administrative remedies, the defendants' motion will be granted. See Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008) (citing Bryant, 530 F.3d at 1373-74). If the complaint is not subject to dismissal at the first step, then at step two the court makes specific findings to resolve the disputed factual issues, with the defendant bearing the burden of proving Plaintiff has failed to exhaust his administrative remedies. Id. Based on its findings as to the disputed factual issues, the court determines whether the prisoner has exhausted his available administrative remedies. Id. Because exhaustion "is treated as a matter of abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Bryant, 530 F.3d at 1376 (citations omitted).

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because exhaustion of administrative remedies is a "precondition" to filing an action in

3

federal court, the Eleventh Circuit requires prisoners to complete the administrative process *before* initiating suit. Poole v. Rich, 312 F. App'x 165, 166 (11th Cir. 2008) (*per curiam*); see also Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000).  "The filing of a civil suit without properly exhausting all available administrative remedies is a procedural misstep that is fatal to the underlying case." McKeithen v. Jackson, 606 F. App'x 937, 939 (11th Cir. 2015) (*per curiam*) (citing Johnson v. Meadows, 418 F.3d 1152, 1158-59 (11th Cir. 2005)).

The PLRA's mandatory exhaustion requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002).  Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. See Smith v. Terry, 491 F. App'x 81, 83 (11th Cir. 2012) (*per curiam*) (citing Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998)).  Under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326.  Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'" Johnson, 418 F.3d at 1155, 1156.

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006).  In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 90 (internal quotation omitted).  If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he does not satisfy the exhaustion requirement. Johnson, 418 F.3d at 1159.

### 2.      **Plaintiff Failed to Exhaust Available Procedures**

At LCJ, prisoners maintain access to the LCJ handbook containing the required grievance procedures at LCJ, through the LCJ kiosk. (Krumnow Decl., ¶ 5.)  Inmates may grieve "any matter over which LCJ has control." (Doc. no. 30-4, p. 13.)  Under the LCJ procedures, inmate must file a grievance within five days of the occurrence. (Id. at 14.)  The Assistant Jail Administrator must respond within fifteen days of receipt of the grievance form. (Id.)  If an inmate is unsatisfied with the Assistant Jail Administrator's response, the inmate may appeal to the Jail Administrator within three days. (Id.)  The Jail Administrator must respond within ten days. (Id.)

Plaintiff admits he failed to file a grievance, or an appeal, related to the current issue. (Doc. no. 15, p. 12.)  Rather, Plaintiff explains he did not file a grievance because he stayed "isolated long enough to be transferred to another facility." (Id. at 13)  Plaintiff's allegations, taken as true, fail to demonstrate proper exhaustion under the first step of the Turner test. Even if the Court were to construe Plaintiff's explanation as "he was unable to file a grievance while in isolation," the Court finds Plaintiff's contention to be not credible. Specifically, such an allegation is directly refuted by the sworn affidavit of Jail Administrator Krumnow and the LCJ handbook stating grievances are made available upon request to any Jail Lieutenant or Sergeant.  Therefore, Defendants' motion to dismiss for failure to exhaust administrative remedies should be granted.

To the extent Plaintiff argues in his motion for reconsideration, (doc. no. 38), that his failure to exhaust is no fault of his own, such argument fails.  Plaintiff contends Sergeant Spoke denied his request for grievance forms on October 2nd. (Id.)  However, the form attached by Plaintiff details an incident and grievance request that are unrelated to the instant

5

case. (Id. at 5.)  Indeed, in the case *sub judice*, Plaintiff alleges excessive force during an incident on June 19, 2019, while the attached inmate request form concerns Plaintiff's attempt to file a grievance for "cruel and unusual punishment" occurring on August 31st of an unspecified year.  (Id.)  Thus, any procedural default or interference in completing the grievance procedure for the August 31st incident bears no relation to Plaintiff's compliance in the instant action.

The exhaustion requirement is not satisfied if a prisoner fails to complete the administrative process or falls short of compliance with procedural rules.  Johnson, 418 F.3d at 1159.  The Supreme Court has explained the rationale behind requiring "proper exhaustion" as follows:

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance.  The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules.  A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction. . . .  For example, a prisoner wishing to bypass available administrative remedies could simply file a late grievance without providing any reason for failing to file on time.  If the prison then rejects the grievance as untimely, the prisoner could proceed directly to federal court.  And acceptance of the late grievance would not thwart the prisoner's wish to bypass the administrative process; the prisoner could easily achieve this by violating other procedural rules until the prison administration has no alternative but to dismiss the grievance on procedural grounds. We are confident that the PLRA did not create such a toothless scheme.

Woodford, 548 U.S. at 95; see also Johnson, 418 F.3d at 1159 (allowing an untimely grievance to satisfy exhaustion requirement would defeat aims of PLRA to review the merits of a prisoner's claim, does "not spur the corrective action that might have obviated the need for litigation, . . . filter  . . . potential frivolous claims, . . .[or] develop[] . . . an administrative record to assist the courts in deciding the controversy").

Because the record confirms Plaintiff did not exhaust his administrative remedies, his claims are subject to dismissal.  See Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001) (*per curiam*) ("'[U]ntil such administrative remedies as are available are exhausted,' a prisoner is precluded from filing suit in federal court.") (citations omitted); Higginbottom, 223 F.3d at 1261.

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants' motion to dismiss be **GRANTED**, (doc. no. 30), Plaintiff's Second Motion to Appoint Counsel, (doc. no. 36-1), Second Motion to Stay, (doc. no. 36-2), Motion for Reconsideration, (doc. no. 38), Motion to Merge and Amend, (doc. no. 42), and Motion to Add More Facts, (doc. no. 44),  be **DENIED AS MOOT**, and this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENEDED this 24th day of June, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA